## D. CELLI v. THE STATE.

No. 487. Decided March 2, 1910.

Rehearing Denied November 16, 1910.

**1.—Sunday Law—Sale of Intoxicating Liquors—Statement of Facts.**

Where, upon appeal from a conviction of a violation of the Sunday law, there was no statement of facts on file properly approved, objections with reference to the court's charge and the insufficiency of the evidence, can not be considered.

**2.—Same—Indictment—Time Alleged—Then and There—Words and Phrases.**

Where, in a prosecution for a violation of the Sunday law, the indictment alleged in general terms that the defendant was a liquor dealer, etc., without

giving the date, but averred the time properly by hour and date when the alleged sale took place, the objection that the words then and there were not employed with sufficient certainty as to show the defendant was engaged in the illegal sale of liquor, was untenable, as it was not important as to where in the indictment the date was spelled out. Distinguishing State v. Slack, 30 Texas, 355.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $25.

The opinion states the case.

*James B. & Charles J. Stubbs,* for appellant.—On the question of the insufficiency of the indictment: Code Crim. Procedure, article 439, clause 6; Hardin v. State, 4 Texas Crim. App., 355; Miller v. State, 55 Texas Crim. Rep., 174, 115 S. W. Rep., 578; State v. Slack, 30 Texas, 355.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was tried and convicted in the court below for keeping open his house after midnight on Saturday night and before five o'clock a. m. of the following Monday and selling intoxicating liquors, he, the said Celli, being a liquor dealer and having a license authorized by the Act of the Thirtieth Legislature, and was then and there engaged in the sale of liquors, beers, etc., in quantities less than a quart, and his punishment assessed at a fine of $25.

We find in the record a statement of the facts, but the same is not signed and approved by the judge trying the case and in this state of the record we can not consider the same.

In the motion for a new trial appellant complains that the court erred in refusing to charge the jury as requested by appellant to the effect that they would disregard the hearsay testimony that had been offered on the part of the State; and, second, that the court erred in not granting a new trial because the evidence was wholly insufficient to support the verdict. Neither of these grounds can be considered in the absence of a statement of facts.

The bill of indictment seems to be in conformity with the usual precedents and in the absence of a statement of facts there is nothing in the record that can be revised.

The judgment of the lower court, therefore, is affirmed.

*Affirmed.*

ON REHEARING.

November 16, 1910.

McCORD, Judge.—On March 2, 1910, the judgment of the lower court in this case was affirmed. On March 15, 1910, appellant filed a motion for rehearing, and urges the ground before this court that

the indictment is defective. The bill of indictment alleges that the grand jurors of Galveston County at the February term, 1909, presented in the Criminal District Court of Galveston County an indictment charging "That D. Celli, in the county of Galveston, and State of Texas, was then and there a retail liquor dealer, having a license as authorized by the Act of the Thirtieth Legislature of the State of Texas, page 258, and was then and there engaged in the sale of intoxicating liquors to be drunk on his premises in a locality in the State of Texas other than where local option was in force. did then and there open and permit to be opened his place of business for the purpose of traffic and did then and there barter and sell intoxicating liquor, to wit: whisky and beer in quantities of less than one quart, after twelve o'clock midnight on Saturday, February 2, 1909, and before five o'clock a. m. of the following Monday, February 4, 1909." The ground of objection to this indictment was that it charged that the defendant did then and there sell and barter and was then and there engaged in the sale of liquors and has no date preceding it to show what "then and there" referred to and that the date subsequently alleged in the indictment could not be construed as preceding the words "then and there" and that there must be some date preceding "then and there" to which it has reference.

In support of this contention counsel for appellant have cited us to the case of State v. Slack, 30 Texas, 355.. We are of opinion that this case is distinguishable from that case, and the rule there announced will not apply to this case. It will be noted that the indictment alleges in general terms the fact that appellant was a liquor dealer, having a license, and was engaged in the sale of intoxicating liquors to be drunk on the premises in a locality in this State other than where local option was in force. These allegations are preliminary and are on a par with the allegations usually contained in indictments for violation of the local option law, which allege, without giving the date, the adoption of local option in such counties. When the pleader comes to aver the sale, he does so in this language, after having charged the venue: "Did then and there open and permit to be opened his place of business for the purpose of traffic and did then and there barter and sell intoxicating liquor, to wit: whisky and beer in quantities of less than one quart, after twelve o'clock midnight on Saturday, February 2, 1909, and before five o'clock a. m. of the following Monday, February 4, 1909." Now, it can not be important if by the terms of the language the date is given just where the date is spelled out. The only question is, does it sufficiently appear from this allegation when the offense was committed? Suppose we transpose the sentence without the change of a single word and make it read thus: "Did then and there after twelve o'clock midnight on Saturday, February 2, 1909, and before five o'clock a. m. of the following Monday, February 4, 1909, open and permit to be opened his place of business for the purpose of traffic,

and did then and there barter and sell intoxicating liquor, to wit: whisky and beer in quantities of less than one quart." No one could question or doubt that the indictment would be sufficient. We do not think that, fairly considered, the case of State v. Slack, 30 Texas, 355, supra, is an authority in point. From an inspection of that case it will be noted that the indictment is not set out. It appears, however, in the statement of the case, that "The indictment alleged no date on which the offense was committed." Of course, if this is true, it could not be a serious question that the indictment was insufficient, and Judge Willie's opinion must be interpreted and understood in the light of this statement. It instituted no new rule, but was a statement of the law, that an indictment must allege the time of the commission of the offense. Here the indictment does allege the commission of the offense to be on a certain date.

We are, therefore, of opinion that there is no merit in appellant's contention, and the motion for rehearing will be overruled.

*Overruled.*